UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KARLA AYLEN, DDS PLLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN AMERICAN INSURANCE COMPANY,<br><br>Defendant. | No.<br><br>COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

## I.   INTRODUCTION

Plaintiff, KARLA AYLEN, DDS PLLC ("Aylen"), individually and on behalf of all other similarly situated members of the defined national class, and the defined Washington State subclasses (the "Class Members"), by and through the undersigned attorneys, brings this class action against Aspen American Insurance Company ("Aspen" or "Defendant") and alleges as follows based on personal knowledge and information and belief:

## II.   JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and Washington subclass is a citizen of a state different from that of Defendant, the proposed Class

COMPLAINT—CLASS ACTION - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.  This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiff and all of the Washington subclass members in this case arise out of and directly related to Defendant's contacts with Washington.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4.  Venue is proper in the District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Seattle, Washington, King County. This action is therefore appropriately filed.

### III. PARTIES

5.  Plaintiff KARLA AYLEN, DDS PLLC, owns and operates a dental practice located at 11066 5TH Ave NE #208 Seattle, Washington 98125.

6.  Defendant Aspen American Insurance Company is an insurance carrier incorporated and domiciled in the State of Texas, with its principal place of business in Rocky Hill, Connecticut.

COMPLAINT—CLASS ACTION - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

7. Aspen is authorized to write, sell, and issue business insurance policies in all 50 States, the District of Columbia, Puerto Rico and the U.S. Virgin Islands. Aspen conducted business within these states by selling and issuing insurance policies to policyholders, including Plaintiff Aylen.

### IV.   NATURE OF THE CASE

8. Due to COVID-19, and a state-ordered mandated closure, Plaintiff cannot provide dentistry services. Plaintiff intended to rely on its business insurance to maintain business income in case of an insured loss. This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

9. Defendant Aspen issued one or more insurance policies to Plaintiff, including Building, Blanket Dental Practice Personal Property and Income Coverage Part and related endorsements, insuring Plaintiff's property and business practice and other coverages, with effective dates of January 1, 2020 to January 1, 2021.

10. Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of dentistry and other business activities.

11. Defendant Aspen's insurance policy issued to Plaintiff promises to pay Plaintiff for "ALL RISK OF DIRECT PHYSICAL LOSS" to covered property and includes coverage for risks of both "loss of or damage to" covered property.

12. Defendant Aspen's policy issued to Plaintiff includes Practice Income Coverage, Extra Expense Coverage, Extended Practice Income Coverage and Civil Authority Coverage.

13. Plaintiff paid all premiums for the coverage when due.

COMPLAINT—CLASS ACTION - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

14. On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

15. On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as a result of Covid-19. Thereafter, he issued a series of certain proclamations and order affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

16. On March 19, 2020, Governor Inslee issued a "PROCLAMATION BY THE GOVERNOR AMENDING PROCLAMATION 20-05: 20-24 Restrictions on Non Urgent Medical Procedures." dated March 19, 2020, which prohibited dental practitioners from providing dental services but for urgent and emergency procedures:

> WHEREAS, the health care person protective equipment supply chain in Washington State has been severely disrupted by the significant increased use of such equipment worldwide, such that there are now critical shortages of this equipment for health care workers. To curtail the spread of the COVID-19 pandemic in Washington State and to protect our health care workers as they provide health care services, it is necessary to immediately prohibit all hospitals, ambulatory surgery centers, and dental orthodontic, and endodontic offices in Washington State from providing health care services, procedures and surgeries that require personal protective equipment, which if delayed, are not anticipated to cause harm to the patient within the next three months.

17. On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2000, and throughout the duration of the catastrophic health emergency.

18. On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington Department of Health and

postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

19.   On March 30, 2020, Governor Inslee issued Order Number 20-03-30-01 affecting persons and residents within the State of Washington, which includes a "Stay-at-Home Order" requiring all persons living in Washington to stay in their homes or places of residences except under certain specified circumstances.

20.   No COVID-19 virus has been detected on Plaintiff's business premises.

21.   Plaintiff's property sustained direct physical loss and/or damages related to COVID-19 and/or the proclamations and orders.

22.   Plaintiff's property will continue to sustain direct physical loss or damage covered by the Aspen policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

23.   Plaintiff's property cannot be used for its intended purposes.

24.   As a result of the above, Plaintiff has experienced and will experience loss covered by the Aspen policy or policies.

25.   Plaintiff contacted its insurance agent to inquire into coverage for its losses covered by the Aspen Policy. Plaintiff was informed by voice message that there was no coverage for its losses.

26.   Upon information and belief, Aspen has denied and will deny coverage to other similarly situated policyholders.

### V.   CLASS ACTION ALLEGATIONS

27.   This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

COMPLAINT—CLASS ACTION - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

28.     The Classes and Subclasses that Plaintiff seeks to represent are defined as:

A.     ***Practice Income Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Practice Income claim has been denied by Aspen.

B.     ***Practice Income Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Practice Income claim has been denied by Aspen.

C.     ***Practice Income Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

D.     ***Practice Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

E.     ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in

COMPLAINT—CLASS ACTION - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Aspen.

F. ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Aspen.

G. ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H. ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

I. ***Extended Practice Income Breach of Contract Class*****:** All persons and entities in the United States insured under an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or

COMPLAINT—CLASS ACTION - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

other civil authorities and whose Extended Practice Income claim has been denied by Aspen.

J.  ***Extended Practice Income Breach of Contract Washington Subclass*:** All persons and entities in the State of Washington insured under an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Practice Income claim has been denied by Aspen.

K.  ***Extended Practice Income Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.  ***Extended Practice Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Extended Practice Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

M.  ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Aspen.

COMPLAINT—CLASS ACTION - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N.    ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Aspen.

O.    ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.    ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under an Aspen policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

29.    Excluded from the Class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff Aylen reserves the right to amend the Class definition based on information obtained in discovery.

30.    This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

31.    **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that each proposed Class and Subclass contains hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

COMPLAINT—CLASS ACTION - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

32. **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A. Whether the class members suffered covered losses based on common policies issued to members of the Class and Subclass;

B. Whether Aspen acted in a manner common to the Class and Subclass wrongfully denied claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C. Whether Practice Income Coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D. Whether Extra Expense Coverage in Aspen's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E. Whether Extended Practice Income Coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

F. Whether Civil Authority Coverage in Aspen's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G. Whether Aspen has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to

COMPLAINT—CLASS ACTION - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H. Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

I. Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

33. **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

34. **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

35. **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought be Plaintiff could also impair the ability of absent class members to protect their interests.

36. **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members

COMPLAINT—CLASS ACTION - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

37. **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.   CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Practice Income Coverage Declaratory Relief Class, Practice Income Coverage Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Extended Practice Income Declaratory Relief Class, Extended Practice Income Declaratory Relief Washington Subclass, Civil Authority Relief Class, and Civil Authority Relief Washington Subclass)*

38. Previous paragraphs alleged are incorporated herein.

39. This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

40. Plaintiff Aylen brings this cause of action on behalf of the Practice Income Coverage Declaratory Relief Class, Practice Income Declaratory Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass Extended Practice Income Declaratory Relief Class, Extended Practice Income Declaratory

COMPLAINT—CLASS ACTION - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

41. Plaintiff Aylen seeks a declaratory judgment declaring that Plaintiff Aylen's and class members' losses and expenses resulting from the interruption of their business are covered by the Policy.

42. Plaintiff Aylen seeks a declaratory judgment declaring that Aspen is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

*(Brought on behalf of the Practice Income Coverage Breach of Contract Class, Practice Income Coverage Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Practice Income Breach of Contract Class, Extended Practice Income Breach of Contract Washington Subclasses, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)*

43. Previous paragraphs alleged are incorporated herein.

44. Plaintiff Aylen brings this cause of action on behalf of the Practice Income Coverage Breach of Contract Class, Practice Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Practice Income Breach of Contract Class, Extended Practice Income Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass.

45. The Policy is a contract under which Plaintiff Aylen and the class paid premiums to Aspen in exchange for Aspen's promise to pay Plaintiff Aylen and the class for all claims covered by the Policy.

46. Plaintiff Aylen has paid its insurance premiums.

COMPLAINT—CLASS ACTION - 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

47. Plaintiff Aylen has been denied coverage for its losses covered by the Aspen policy.

48. Upon information and belief, Aspen has denied, and will continue to deny coverage for other similarly situated policyholders.

49. Denying coverage for the claim is a breach of the insurance contract.

50. Plaintiff Aylen is harmed by the breach of the insurance contract by Aspen.

### 1. PRAYER FOR RELIEF

1. A declaratory judgment that the policy or policies cover the plaintiff's losses and expenses resulting from the interruption of the Plaintiff's business by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

2. A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

3. Damages.

4. Pre-judgment interest at the highest allowable rate.

5. Reasonable attorney fees and costs.

6. Such further and other relief as the Court shall deem appropriate.

### VII. JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

COMPLAINT—CLASS ACTION - 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 13th day of May, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/Maureen Falecki*
By: *s/Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Maureen Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com


By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

*Attorneys for Plaintiff*

4817-1314-0668, v. 1

COMPLAINT—CLASS ACTION - 15

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384